# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00202-CV

---

**Karen Cernoch, Appellant**

**v.**

**Frank Cernoch, Appellee**

---

### FROM THE 155TH DISTRICT COURT OF FAYETTE COUNTY
### NO. 2020V-222, THE HONORABLE JEFF R. STEINHAUSER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Karen Cernoch appeals from the trial court's final divorce decree dissolving her marriage to Frank Cernoch.[1]  The trial court rendered its decree based on the parties' mediated settlement agreement (MSA).  In three issues, Karen challenges the trial court's division of alleged trust and separate property and its alleged failure to include material portions of the MSA in the decree.  For the following reasons, we will affirm the final divorce decree.

### BACKGROUND[2]

The parties married in 1985.  Frank filed for divorce on September 11, 2020.  No return of service or amended or responsive pleadings appear thereafter in the clerk's record.

---

[1] Because the parties share a surname, for clarity we refer to them by their first names.

[2] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* Tex. R. App. P. 47.4.

Two months later, the parties and their counsel attended mediation, and Frank and Karen signed the MSA. The MSA contains the following provisions relevant to this appeal:

> Karen shall receive the following described property:

1. The eastern most 40 acres of the following described real property, together with any and all of the Parties' minerals on said 40 acres:

> [legal descriptions of two tracts of land, both in Fayette County]

> The above two tracts of land are hereinafter collectively referred to as the "Real Property."

> . . .

> The Parties and their attorneys shall discuss the disposition of the Cernoch Family Trust (the "Trust") and the manner in which the Real Property is to be distributed to the Parties pursuant to this Agreement; e.g., whether Karen shall receive a deed of the 40 acres and Frank a deed of the remainder of the Real Property directly to them individually from the Trust and the Trust is thereafter to be terminated or Karen is to receive a deed of the 40 acres from the Trust and thereafter Karen shall resign from the Trust, leaving Frank as the sole Trustor and Trustee of the Trust. In the event the Parties cannot agree on the manner in which to handle this they shall return to mediation if they both agree or put the matter to the Court without otherwise affecting the remainder of this Agreement, if they don't agree to return to mediation. The Parties agree that the intent is to convey the 40 acres to Karen, the remainder of the Real Property to Frank and either dissolve the trust completely or to remove Karen from the trust completely.

The MSA bears the signatures of the parties and their respective counsel and in capital letters recites that the agreement was made consistent with Section 6.602 of the Texas Family Code and is not subject to revocation. The parties' signature blocks do not reference the capacity in which each signed, e.g., as individuals or trustees. Neither before nor after the entry of the final decree of divorce was any challenge filed to set aside the MSA based on any illegality in its procurement.

2

Frank filed a motion for entry of final decree of divorce based on the MSA, which the trial court heard March 19, 2021, along with Karen's motion to dismiss her attorney and her attorney's motion to withdraw. During the hearing the trial court discharged Karen's attorney, granted Frank's motion to enter the decree, and requested that Frank's attorney submit a final divorce decree "in compliance with the MSA" for its signature. That same day, Frank's attorney submitted a decree for the court to sign, which it did. On April 8, 2021, Karen—proceeding pro se after her attorney's withdrawal—filed a motion for new trial, without a supporting affidavit, on the ground that she was not "lucid on the day of trial as she had surgery." The trial court denied the motion without a hearing, and Karen perfected this appeal.

Determining that the divorce decree omitted material portions of the MSA, this Court abated Karen's appeal and remanded the cause to the trial court for a determination of whether the divorce decree "incorrectly reflects the judgment of the court and, if so, whether the mistake is a clerical error subject to correction by way of a judgment nunc pro tunc." *See* *Cernoch v. Cernoch*, No. 03-21-00202-CV, 2022 WL 1203566, *2 (Tex. App.—Austin Apr. 22, 2022, no pet.) (per curiam) (order & mem. op.) (abating appeal and remanding to trial court). On remand, the trial court conducted an evidentiary hearing and issued findings of fact and conclusions of law. The trial court found that errors in the divorce decree were clerical, granted Frank's motion for entry of a judgment nunc pro tunc, and signed a Judgment Nunc Pro Tunc Final Decree of Divorce on May 16, 2022.

## DISCUSSION

In her first issue, Karen contends that the trial court had no jurisdiction to divide certain real property (the Fayette County Property) because it was not part of the marital estate

3

due to its being held in trust. In her second issue, Karen argues that the trial court abused its discretion by mischaracterizing the Fayette County Property as community property when in fact half of it was her separate property. *See Sharma v. Routh*, 302 S.W.3d 355, 360 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (stating applicable standard of review for mischaracterization of property). She argues that although there is "no question" that the Fayette County Property was Frank's separate property prior to the parties' 1985 marriage, he made a gift of half of it to her in 1999 when he, as grantor, "deeded the land to Frank Cernoch and Karen Cernoch, Trustee[s] of the Cernoch Family Trust, as Grantees."

Frank responds that Karen did not raise either of these issues with the trial court and has therefore not preserved them for review. After reviewing the record, we agree that Karen did not make either of these complaints to the trial court by timely request, objection, or motion, as required by the Rules of Appellate Procedure. *See* Tex. R. App. P. 33.1(a). Although in her reply brief Karen contends that at the hearing she objected to entry of the decree and asked for a continuance because her mind was "slippery" due to pain medication she was taking, those objections do not match the complaints she makes on appeal. *See Benson v. Chalk*, 536 S.W.3d 886, 895–96 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) ("To preserve error for our review, an appellant's complaint on appeal must comport with her objection in the trial court."). Accordingly, Karen has not preserved error as to her first two issues, and we therefore do not address them.

In her final issue, Karen contends that the trial court abused its discretion in failing to render judgment in strict compliance with the MSA by omitting material portions of it in its divorce decree. *See Jonjak v. Griffith*, No. 03-18-00118-CV, 2019 WL 1576157, at *3 (Tex. App.—Austin Apr. 12, 2019, no pet.) (mem. op.) (noting that trial court must render

4

judgment "in strict or literal compliance with" MSA); *Vazquez v. Vazquez*, No. 13-15-00306-CV, 2016 WL 6804462, *2 (Tex. App.—Corpus Christi–Edinburg Nov. 10, 2016, no pet.) (mem. op.) (same). Karen specifically complains about the decree's omission of provisions requiring Frank to pay her $10,000 by a date certain and $90,000 on the date she vacates the marital residence.

While Karen correctly cites the applicable law, this issue has become moot by virtue of the trial court's rendition of its Judgment Nunc Pro Tunc Final Decree of Divorce, which now includes the two payments omitted from the MSA that Karen complains about in her third issue. Accordingly, we need not address Karen's third issue.[3] *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (explaining harmless-error rule).

## CONCLUSION

We affirm the trial court's nunc pro tunc final decree of divorce.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed: August 25, 2022

---

[3] The trial court's signing of a nunc pro tunc decree has provided the relief Karen requested as to this issue: that we remand the cause to the trial court with instructions to reform the decree to include the omitted portions of the MSA.